UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANNA LOVE WILDER,

        Plaintiff,

  v.

                                Case No. 19-cv-1878-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court had questions about the figures the plaintiff provided in her motion to proceed without prepaying the filing fee, so it issued an order requiring her to file an amended motion, dkt. no. 3, and the plaintiff has filed that amended motion and a supplemental declaration from her attorney, dkt. nos. 6, 6-1.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's amended motion

1

indicates that the plaintiff is not employed, she is married (but separated), and she has three children, ages 12 to 15, that she is responsible for supporting. Dkt. No. 6 at 1. The plaintiff receives $628 per month in government assistance and $528 per month in foodshare. Id. at 2. The plaintiff lists expenses of $1,156 per month ($42 rent and $1,114 in other household expenses). Id. at 2-3. The declaration of the plaintiff's lawyer indicates that the $628 per month the plaintiff receives in government assistance is spent on rent and household expenses other than groceries, and that the $528 she receives from foodshare is used to cover the cost of her groceries. Dkt. No. 6-1. The plaintiff does not own a car, a home, or any other property of value, and she has no cash on hand or in a checking or savings account. Dkt. No. 6 at 3-4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied Social Security benefits by the Commissioner for lack of disability, that she is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 21st day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**